# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

Janey M. Dubois,

      Plaintiff,                                07-CV-0980-IPJ

v.

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

      Defendant.

## **MEMORANDUM OPINION**

The plaintiff[1] appeals from the decision of the Commissioner of Social Security denying her disability insurance benefits and supplemental security income. The case is now properly before the court. *See* 42 U.S.C. § 405. At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 46 years old, and had obtained a GED (R. 403). The plaintiff alleges that she been unable to work since October 30, 2001, due to arthritis, asthma, allergies, depression, chemical imbalance,

---

[1] The plaintiff's last name is spelled incorrectly in the caption as Dubois. The correct spelling is Duboise.

1

and problems with her left eye (R. 97).  At the hearing, the plaintiff's attorney stated that the arthritis was the major impairment (R.405).

The ALJ found that the plaintiff does have impairments which are severe but do not meet or medically equal any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404  (R. 20).

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The sole issue before the court is determining:  1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court may not decide facts anew, reweigh evidence, or substitute its judgment for that of the Commissioner.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

The plaintiff asserts that the ALJ's decision is due to be reversed because the

ALJ erred by (1) not giving controlling weight to the opinion of the plaintiff's treating physician and by (2) giving great weight to the state agency's opinion.

Generally, the opinion of a treating physician is entitled to substantial or considerable weight. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). However, the ALJ may find good cause to reject a treating physician's opinion where the opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the opinion is conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The court finds that the ALJ had good cause to reject the treating physician's opinion as it is contained in the residual functional capacity questionnaire because that opinion is unsupported by the other medical evidence.

With regard to the plaintiff's second argument, the court finds that argument is moot as that opinion is supported by the medical evidence.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the ALJ and considered by him and the Appeals Council, the court is satisfied that the decision of the ALJ is based upon substantial evidence and that the ALJ applied the correct legal standards. Without substituting its judgment for that of the Commissioner, this court can find no basis upon which to reverse the decision of the ALJ. *See Bloodsworth*, 703 F.2d at 1239. Accordingly, the decision

of the Commissioner of the Social Security Administration is due to be AFFIRMED.

**DONE** and **ORDERED**, this the 27th day of December 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE